Matter of D'Souza v Board of Appeals of the Town of Hempstead (2019 NY Slip Op 04381)





Matter of D'Souza v Board of Appeals of the Town of Hempstead


2019 NY Slip Op 04381


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-07057
 (Index No. 3794/17)

[*1]In the Matter of Desmond D'Souza, appellant,
v
Board of Appeals of the Town of Hempstead, respondent.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Andrew M. Roth and Christian Browne of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Todd C. Steckler of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated October 19, 2017, which, after a hearing, denied the petitioner's application, inter alia, for certain variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered April 23, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The petitioner commenced this CPLR article 78 proceeding contending that a determination of the Board of Appeals of the Town of Hempstead denying his application, inter alia, for certain variances was "not supported by the evidence[,] . . . illegal, irrational, arbitrary and/or an abuse of discretion." The Supreme Court denied the petition and dismissed the proceeding on the grounds that the petitioner had not provided "a copy of a transcript from the proceeding, . . . any of the submissions that he may have made in support of the requests, including the applications for any variances themselves" and had "also not provided an affidavit from a person with knowledge in support of [his] petition."
CPLR 7804(d) permits, but does not require, the petitioner to submit affidavits or other written proof in support of the verified petition. Further, CPLR 7804(e) provides that the respondent, not the petitioner, "shall file with the answer a certified transcript of the record of the proceedings under consideration, unless such a transcript has already been filed with the clerk of the court." Here, the Supreme Court should not have denied the petition and dismissed the proceeding on the grounds asserted by it (see Matter of Dwyer v County of Suffolk, Sheriff's Dept., 16 AD3d 498). Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Nassau County, for further proceedings.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court